**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KRISTOPHER DORR,

    Plaintiff,

v.

    Case No. 11-11542
    Hon. Lawrence P. Zatkoff

FORD MOTOR COMPANY et al.,

    Defendants.

_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

### I. INTRODUCTION

Plaintiff submitted his complaint and application to proceed *in forma pauperis* [dkt 2] on April 11, 2011. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

### II. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint

to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will GRANT Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court is unable to find a basis for subject-matter jurisdiction.

The Court finds that Plaintiff has failed to state a claim upon which this Court can grant relief. Plaintiff's pleadings, including a complaint, a fourteen-page narrative, and a two-page document with legal citations, are essentially a narrative outlining the events that allegedly took place from November 2005 to April 2011, in a Ford Motor Company plant, at Plaintiff's apartment, and in Detroit, Michigan generally. The complaint alleges that employment discrimination occurred

at one of Ford Motor Company's plants in Flat Rock, Michigan pursuant to Title VII of the Civil Rights Act of 1964. Charges were apparently filed with the Equal Employment Opportunity Commission on December 1, 2010, which made a final determination on February 14, 2011. No other information is provided to the Court with respect to the charges filed with the Equal Employment Opportunity Commission. According to Plaintiff's complaint, this case is about the release of health information, discrimination of genetic information, and medical experimentation. Plaintiff, however, does not point out to the Court which Defendants were involved in these claims. Plaintiff's civil cover sheet seeks a demand for $10,500,000, but nowhere else in Plaintiff's pleadings are allegations that coherently request this amount or seek other relief.

Further, the allegations in Plaintiff's fourteen-page narrative, although chronologically structured, fail to make out any cognizable claims that may be legally analyzed. Plaintiff begins this attachment with the following: "I observed that I was being watched in the plant, Ezekiel Zachariah and Rodney (an Arab individual) was trying to start fights with me on the line. They kept looking at my phone and try [sic] to gather information about where I was going after work and who I was texting." After reviewing the next several pages, Plaintiff is not clear on whether he worked at a plant in Romeo, Michigan for Ford Motor Company, and was then transferred to a plant in St. Louis (Plaintiff does not identify any further information about the St. Louis plant), or whether he only worked at a plant in St. Louis. Further, Plaintiff appears to allege that he was "harassed" at the plant in St. Louis, but fails to provide any legal authority for whether such harassment arises to a legal claim. Throughout the time period that Plaintiff describes, he lived in Detroit, Michigan. These allegations are equally perplexing, as Plaintiff states that graffiti written on abandoned buildings in Detroit involved derogatory comments written in Hebrew about his last name. He also alleges that

at his apartment, he overheard the occupants in the apartment below discussing Plaintiff's harassment by Rod Gray and that "the monitoring of my thoughts through Remote Neutral Monitoring was copy write infringement." It does not appear, however, that Plaintiff is asserting a copyright claim in his pleadings.

Moreover, the only other legal citations in Plaintiff's pleadings are contained in a two-page attachment titled "Additional Claims." The two-page attachment lists approximately fourteen laws, including the Universal Declaration of Human Rights Articles 1, 2, 3, 5, 16, 18, 24; 42 U.S.C. § 2000ff-1, employer practices; 42 U.S.C. § 2000ff-5, confidentially of genetic information, and Public Law 111–148 § 1554, access to therapies. Neither the two-page attachment, nor Plaintiff's other papers, articulate how these legal citations relate to Plaintiff's fourteen-page narrative in this case.

As such, Plaintiff's claims are conclusory, incoherent, and fail to establish federal jurisdiction. Thus, Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief can be granted .

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 27, 2011.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290