UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER DORR,

    Plaintiff,

                                          Case No. 11-11542

v.                                         Hon. Lawrence P. Zatkoff

FORD MOTOR COMPANY et al.,

    Defendants.

_____/

**ORDER**

This matter is before the Court on Plaintiff's docket entry, titled "Objection to Judges [sic] Dismissing Complaint and Motion for the Court to Reverse the Decision, and Remand this Case back to the Court for a Trial by Jury and Other Relief" ("Objection") [dkt 4], and Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal [dkt 6]. Upon review of Plaintiff's filed pleading, titled as an "objection", Plaintiff argues for reversal of the Court's April 27, 2011, order, granting Plaintiff's application to proceed *in forma pauperis* but dismissing Plaintiff's Complaint. Thus, the Court construes Plaintiff's *pro se* pleading as a motion for reconsideration of the Court's April 27, 2011, order [dkt 3]. A such, pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's pleading such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the Objection be resolved on the brief submitted. For the reasons set forth below, Plaintiff's Objection, and Application to Proceed *In Forma Pauperis* on Appeal are DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Plaintiff challenges the Court's April 27, 2011, order in which the Court applied 28 U.S.C. § 1915(e). Ultimately, the Court dismissed Plaintiff's Complaint stating:

> Further, the allegations in Plaintiff's fourteen-page narrative, although chronologically structured, fail to make out any cognizable claims that may be legally analyzed.
>
> * * *
>
> Moreover, the only other legal citations in Plaintiff's pleadings are contained in a two-page attachment titled "Additional Claims." The two-page attachment lists approximately fourteen laws, including the Universal Declaration of Human Rights Articles 1, 2, 3, 5, 16, 18, 24; 42 U.S.C. § 2000ff-1, employer practices; 42 U.S.C. § 2000ff-5, confidentially of genetic information, and Public Law 111–148 § 1554, access to therapies. Neither the two-page attachment, nor Plaintiff's other papers, articulate how these legal citations relate to Plaintiff's fourteen-page narrative in this case.
>
> As such, Plaintiff's claims are conclusory, incoherent, and fail to establish federal jurisdiction. Thus, Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief can be granted.

Plaintiff contends, among other non-relevant arguments, that the Court's application of 28 U.S.C. § 1915(e) to review his Complaint was in error because he is not a prisoner, does not work for a government entity, and never requested to be represented by an attorney. Plaintiff has also attached approximately twenty newspaper articles and academic papers, totaling approximately

2

seventy-one pages, as exhibits to his pleading. All of the literature provides the Court with additional medical science about topics, some wholly unrelated to this action, such as "Evaluation of interaction of electric fields due to electrostatic discharge with human tissue" and United States Patent No. 4512744, which is a method patented for "enabling rapid identification of humans and animals."

After review, Plaintiff's Objection and additional exhibits fail to state a palpable defect by which the Court has been misled. In its April 27, 2011, order, the Court made clear that the reference to "prisoner" in 28 U.S.C. § 1915 was a typographical error and that it applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997) ("[W]e conclude that § 1915 permits individuals who are not incarcerated to continue to proceed as paupers in federal court."). Further, Plaintiff's Objection presents issues that the Court has explicitly ruled upon, *see* E.D. Mich. L.R. 7.1(h)(3), and the Objection indicates only Plaintiff's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

With respect to Plaintiff's application to proceed *in forma pauperis* on appeal, for the reasons stated above and those expressed in the April 27, 2011, order, the Court certifies that an appeal from the Court's April 27, 2011, order would not be taken in good faith under 28 U.S.C. § 1915 (a)(3).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Objection to Judges Dismissing Complaint and Motion for the Court to Reverse the Decision, and Remand this Case back to the Court for a Trial by Jury and Other Relief" [dkt 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* on

Appeal [dkt 6] is DENIED.

    IT IS SO ORDERED.


                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 3, 2011.


                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290